IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 04-CV-02532-WDM-MJW**

JOHN ROUNDS,

Plaintiff,

v.

DENNIS CORBIN, et al.,

Defendants.

**RECOMMENDATION ON
PLAINTIFF'S MOTIOM [sic] FOR TEMPORARY INJUNCTION (Docket No. 23)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

Before the court is the pro se incarcerated plaintiff's Motiom [sic] for Temporary Injunction, filed on June 1, 2005 (Docket No. 23).  In response, defendants filed a "Status Report to the Court RE: Fort Lyon Correctional Facility Mail."  (Docket No. 24). No reply was received from the plaintiff.

In his motion, the plaintiff notes that according to Administrative Regulation 300-38(8)(C) of the Colorado Department of Corrections ("CDOC"), "[f]or the purpose of providing postage, legal mail is mail addressed to a Court, Office of the Attorney General, and Office of the District Attorney only.  Offenders will be charged for the postage, even if it results in a negative balance on the offender's account (subject to the limitations set forth in AR 850-14, Indigent Offenders)."  (Mot. ¶ 6).  Plaintiff complains that since the defendants' counsel is not the Attorney General, plaintiff's inmate account will not be placed in a further negative balance for postage on mail sent to defense

2

counsel. Instead, plaintiff was able to send defense counsel a copy of the proposed Scheduling Order in this case only by placing two postage stamps on the envelope, which is "[a] luxury that the Plaintiff was trying to reserve for his limited discovery investigation and still maintain some sort of correspondence with the outside." (Mot. ¶ 7). Plaintiff contends that "only offenders with outside support, have the right to petition the government for redress. The [CDOC] attempt [sic] to limit and hamper civil suits against it." (Mot. ¶ 8). Plaintiff claims that since defense counsel is not the Attorney General, plaintiff is left with only two options that will allow him to maintain his Complaint, namely, to request the court to order the CDOC "to allow the Plaintiff to Maintain a negative balance for all legal mailing and copying required to continue this Civil Action" or to "send all Defendants copies to the Assistant Attorney General Paul Sanzo to be forwarded to the Defendants [sic] Counsel, Mr. Farry." (Mot. ¶ 9).

In response, defendants state the following in their Status Report (Docket No. 24). Inmates with enough money in their accounts may send mail to anyone without restriction. (Docket No. 24, ¶ 2). Inmates without enough money for postage may still send mail to the court, the District Attorney, the Attorney General's Office, and to special appointees of the Attorney General's Office, and the inmate accounts are debited. (Docket No. 24, ¶¶ 3, 4). Defense counsel in this case is a special appointee of the Attorney General's Office. (Docket No. 24, ¶ 4). There was, however, confusion in the mail room identifying defense counsel as a special appointee. (Docket No. 24, ¶ 5). On May 25, 2005, CDOC Legal Services sent an updated listing of Special Assistant Attorney Generals to each CDOC facility, including Fort Lyon Correctional

3

Facility (where the plaintiff is incarcerated).  (Docket No. 24, ¶ 5).  At the request of defense counsel, CDOC Legal Services contacted Fort Lyon Correctional Facility to verify that defense counsel is listed as a Special Attorney General.  (Docket No. 24, ¶ 5).  Therefore, defendants assert that the plaintiff should no longer face a problem sending legal mail to their attorney, Mr. Farry.  (Docket No. 24, ¶ 5).  Plaintiff has not disputed defendants' statements.  Therefore, plaintiff's request for injunctive relief with respect to his mail to defense counsel is moot.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Motiom [sic] for Temporary Injunction, filed on June 1, 2005 (Docket No. 23), be denied as moot.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  July 26, 2005         s/Michael J. Watanabe
       Denver, Colorado       MICHAEL J. WATANABE
                                      United States Magistrate Judge