IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 04-cv-02532-WDM-MJW**

JOHN ROUNDS,

Plaintiff,

v.

DENNIS CORBIN, et al.,

Defendants.

---

**MINUTE ORDER**

---

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the Plaintiff's Motion and Affidavit Request for In Forma Pauperis Status, which was filed on August 26, 2005 (Docket No. 48), is **denied as moot**. In an Order filed on December 8, 2004 (Docket No. 2), the plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915. Nevertheless, such *in forma pauperis* status does not entitle the plaintiff to financial assistance from the court with respect to deposition expenses and the like. It is further

**ORDERED** that the Plaintiff's Motion Requesting Assistance from this Court, which was filed on August 26, 2005 (Docket No. 49), is **denied**. In that motion, plaintiff requests, *inter alia*, appointment of counsel. Appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within the sound discretion of the court. See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987). When deciding whether to appoint counsel "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Loftin v. Dalessandri, 2001 WL 20731 (10th Cir. Jan. 9, 2001) (quoting Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991)). Having considered the current record in this case, and having conducted a settlement conference with the plaintiff, the court finds that even assuming the plaintiff has a colorable claim, he currently appears to be able to present his case adequately. The factual and legal issues raised are not so numerous or complex that the plaintiff is unable to present his case adequately at this stage of the litigation. Furthermore, this court cannot provide financial assistance to the plaintiff to conduct discovery. In addition, it is the plaintiff's responsibility, not the court's, to set up any depositions, arrange for a stenographer, etc. Finally, plaintiff has provided no authority which requires non-parties to provide affidavits to the plaintiff.

Date:  August 26, 2005