IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 04-cv-02532-WDM-KMT

JOHN ROUNDS,

    Plaintiff,

v.

DENNIS CORBIN,

    Defendant.

---

# ORDER

---

This matter is before the court on Plaintiff John Rounds' Motion Requesting Entry of Judgment ("Motion" [Doc. No. 168, filed December 21, 2007]) and on Defendant "Dennis Corbin's Combined Response to Motion for Default Judgment and Motion to Set Aside Clerk's Default" [Doc. No. 176, filed January 29, 2008].

**Procedural History**

This case was originally dismissed for failure to exhaust administrative remedies and thereafter appealed. After the dismissal, the United States Supreme Court decided *Jones v. Bock*, 127 S. Ct. 910 (2007). The District Court dismissal was reversed and the one remaining claim for retaliation was remanded by mandate on June 28, 2007.

On September 9, 2007, the Plaintiff filed his Amended Prisoner Complaint [Doc. No. 160] with leave of court. When no answer was filed by Defendant Dennis Corbin, the Plaintiff moved for Entry of Default [Doc. No. 162, filed October 15, 2007] and the Clerk entered Default on October 17, 2007 [Doc. No. 164]. Rounds filed a Response to Motion for Default, objecting to the entry of Default. [Doc. No. 167, filed December 20, 2007]. Plaintiff filed a Reply on January 7, 2008 [Doc. No. 169].

Meanwhile, Plaintiff filed his Motion to which Defendant Corbin responded on January 29, 2008, also requesting that the default be set aside.

**Legal Analysis**

Entry of default and default judgment are distinct forms of relief available to combat an absentee litigant, and they each require different showings. The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-28 (11th Cir. 1990).

Although the plaintiff is requesting an entry of default judgment, only default has been entered at this juncture. Defendant Corbin argues first, that default should not have been entered because he was not required to file an answer to a pleading entitled "amended" if the complaint was not actually amended in any substantive manner. The plaintiff disagrees that the complaint and the amended complaint are identical and cites several instances where his factual averments, although not the claims or parties, differ.

Second, Defendant Corbin argues that he had a good faith belief that his previous answer was sufficient to avoid default, and therefore the default should be set aside and Corbin should be allowed to file an answer out of time. Plaintiff claims he has been disadvantaged in the discovery process by not having Corbin's answer to the amended complaint.

Rule 15 states in pertinent part that "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Fed. R. Civ. P. 15(a).

The court finds that Defendant Corbin had ample notice that the plaintiff was intending to file an amended complaint. (See "Motion for Leave to File an Amended Complaint" [Doc. No. 156, filed August 16, 2007]; "Order" granting leave to amend [Doc. No. 158, filed September 6, 2007]). As noted, the amended complaint was filed September 6, 2007. Corbin should have filed an answer or other responsive pleading to that amended complaint by no later than September 16, 2007, whether or not in his estimation, it was nearly identical to the first complaint.

Fed. R. Civ. P. 55(a) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Therefore, default was properly entered by the Clerk of the Court on October 17, 2007.

Federal Rule Civil Procedure 55(c), however, provides that a court can set aside entry of default for good cause shown. The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default was the result of culpable conduct of the

defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense. *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992); *Hunt v. Ford Motor Co.*, 1995 WL 523646, *3 (C.A. 10 (Kan.) 1995)(unpublished). These factors are not "talismanic" and the court may consider some or all of the factors in a given case. *Dierschke* at 184.

Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve, Routt County, Colo.,* 999 F.2d 452, 454 (10th Cir. 1993); 6 James W. Moore, et al., *Moore's Federal Practice,* § 55.10 [1] at p. 55-74, n. 24 (2d Ed. 1994); *Hunt* at *3. In the absence of willful disobedience to the Rules of the court, good cause excusing or justifying the parties' failure must be demonstrated. "Good cause" is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to timely answer a complaint, or in this case, an amended complaint. Important to any analysis is the predeliction of courts to consider rulings which result in dismissal to be harsh and should be resorted to only in extreme cases. *Meeker v. Rizley,* 324 F.2d 269, 272 (10th Cir. 1963). "The law favors the disposition of litigation on its merits." *Id.; Gocolay v. New Mexico Federal Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). In fact, default judgment is normally viewed as only available "when the adversary process is halted because of an unresponsive party." *Hise v. Philip Morris*, 2000 WL 192892208, *3 (10th Cir. 2000)(unpublished).

In this case Defendant Corbin has actively defended against this case for four years. It would not be fair or just to invoke the harsh remedy of default judgment in this case where the

Page 4

defense made a reasoned judgment about the need to file an answer. The answer, which the court has determined was necessary pursuant to Rule, would largely duplicate the answer already on file in the case. Further, since the amended complaint contains the same claims and parties, and the defendant has affirmatively stated that his answer to the amended complaint will largely duplicated his answer to the original complaint, the plaintiff will not be prejudiced by allowing the filing of the answer out of time.

Wherefore, the court ORDERS:

1. Plaintiff John Rounds' "Motion Requesting Entry of Judgment" [Doc. No. 168] is DENIED.

2. Defendant "Dennis Corbin's Combined Response to Motion for Default Judgment and Motion to Set Aside Clerk's Default" [Doc. No. 176] is GRANTED. The entry of default [Doc. No. 164] will be set aside.

3. Defendant Dennis Corbin will file an Answer to the Amended Complaint within ten days of the filing of this ORDER.

Dated this 22nd day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge