IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 04–cv–02532–CMA–KMT

JOHN ROUNDS,

      Plaintiff,

v.

DENNIS CORBIN,

      Defendant.

---

## ORDER

---

On May 6, 2009, the court issued an Order setting a status hearing for May 27, 2009 to assess Defendant's compliance with discovery disclosure requirements. (Doc. No. 242.) Defendant was ordered to bring forth "all original CDOC records pertaining to Plaintiff's facility transfer from CTCF and the 'facility need hold' placed on Plaintiff by Defendant." (*Id.*) During the May 7, 2009 Final Pretrial Conference, the court discussed its May 6, 2009 Order with the parties and emphasized the necessity of Defendant's production of records pertaining to the issues noted therein. (Doc. No. 250.)

On May 20, 2009, Defendant filed a "Notice of Compliance" ([Doc. No. 252] [hereinafter "Notice"]), to which 20 pages of documents were attached. Upon review of Defendant's Notice, the court finds the documents predominantly duplicative and essentially unresponsive to the court's Order of May 6, 2009. Accordingly, so that the court may determine

whether full compliance has been made with discovery obligations, the court will hold an evidentiary hearing in this matter on June 19, 2009 at 9:00 a.m. in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.  The May 27, 2009 status hearing is hereby VACATED.  The defendant is

ORDERED to appear and to be prepared to discuss and present evidence on the following issues:

1.    With regard to the <u>initiation</u> of Plaintiff's transfer out of CTCF:

    A.    With whom did the request for Plaintiff's transfer originate?

    B.    By what document, if any, was the request for Plaintiff's transfer initiated?

    C.    On what date was the request to transfer Plaintiff initiated?

    D.    For what reason(s) was the request to transfer Plaintiff initiated?

    E.    Who authorized the request to transfer Plaintiff out of CTCF?

    F.    On what date was the request to transfer Plaintiff authorized?

    G.    For what reason(s) was the request to transfer Plaintiff authorized?

    H.    Should any inconsistencies or ambiguities exist in the record pertaining to the aforementioned issues, counsel shall be prepared to resolve them using documentary and testimonial evidence.

2.    With regard to the "facility and department bed space" rationale under which Plaintiff was allegedly transferred (Doc. No. 216 at 2; *see also* Doc. No. 216-2, ¶ 7):

    A.    Who specifically authorized Plaintiff's transfer on the basis of facility and department bed space?

    B.    What document(s), was used to authorize and execute Plaintiff's transfer based on facility and department bed space?

    C.      On what basis was Plaintiff selected, among all other inmates at CTCF, to be transferred based on facility and department bed space?

    D.      What were the facility and department bed space requirements at CTCF in April 2003 that led to Plaintiff's transfer out of CTCF?

    E.      How many inmates were transferred out of CTCF on the basis of facility bed space need during April 2003?

    F.      Provide all records pertaining to all facility bed space needs at CTCF during April 2003 and all actions undertaken by CTCF staff to satisfy those facility bed space needs.

    G.      Should any inconsistencies or ambiguities exist in the record pertaining to the aforementioned issues, counsel shall be prepared to resolve them using documentary and testimonial evidence.

3.      With regard to the "facility need hold" placed on Plaintiff by Defendant Corbin (Doc. No. 216-2, ¶ 6; *see also* Doc. No. 227, Exs. A-6 at 1–5):

    A.      Who authorized the release of Plaintiff's facility need hold?

    B.      When was the release of Plaintiff's facility need hold authorized?

    C.      What document, if any, was used to execute the release of the facility need hold placed on Plaintiff by Defendant Corbin?

    D.      Why was Plaintiff released from the facility need hold placed on him by Defendant Corbin in April 2003?

    E.      On what date was Plaintiff released from the facility need hold previously placed on him by Defendant Corbin?

    F.      How was Plaintiff released from the facility need hold placed on him by Defendant Corbin?

It is FURTHER ORDERED that Defendant shall secure the presence of all records, including but not limited to documents, electronic records, database entries and any other record pertaining to the aforementioned issues.  Defendant shall not present documents that are already part of the record.  It is

FURTHER ORDERED that the defendant shall secure the appearance before this court, by subpoena if necessary, of the following individuals:

1.  Defendant Dennis Corbin;

2.  The Warden of CTCF during April 2003;

3.  Anthony A. DeCesaro, Step III Grievance Officer during April 2003;

4.  Thomas Kolle (*see* Doc. No. 227, Ex. A-6 at 5);

5.  John Gahn, Plaintiff's Case Manager during April 2003;

6.  William Zalman, Director of Offender Services (Doc. No. 227, Ex. A-3);

7.  Timme Pearson, Central Classification Officer during April 2003;

8.  Paul Nadeau, Central Classification Officer during April 2003;

9.  Paul Hollenbeck, Classification Administrator during April 2003;

10.  Any other party not named specifically herein with knowledge sufficient to address any of the issues contained in this Order.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.  Plaintiff, or his/her case manager, shall arrange for his participation via telephone and shall call **(303) 335-2780** at the scheduled time.

Dated this 26th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

5