IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 04–cv–02532–CMA–KMT

JOHN ROUNDS,

    Plaintiff,

v.

DENNIS CORBIN,

    Defendant.

## AMENDED ORDER

On May 26, 2009, this Court issued an Order setting an evidentiary hearing regarding discovery disputes. [Doc. No. 253.] I required that the defendant arrange for the appearance of certain individuals who were Colorado Department of Corrections ("CDOC") employees at the relevant time period involved in this litigation and who had some dealing with or knowledge of the transfer of Plaintiff John Rounds from CTCF and the resolution of a previously placed 'facility need hold' with respect to that transfer. The defendant filed objections to a portion of the Order concerning production of four witnesses, three of whom who are no longer CDOC employees and whose appearance, therefore, must be obtained by subpoena. [Doc. 261, filed June 10, 2009.]

Based on the objections, this Court acknowledges that the defendant will be unable to compel the attendance at the hearing of Paul Nadeau and John Gahn, both now non-employees of CDOC, because each one lives more than 100 miles from the location of the court hearing.

Therefore, neither can be compelled to attend the hearing by subpoena pursuant to Fed. R. Civ. P. 45.  Further, it appears that Thomas Kolle, who is an employee of CDOC, has an important personal event scheduled for June 19, 2009, and will be in North Carolina at the time of the hearing.[1]

Therefore, for good cause shown, this Court hereby **ORDERS** that the May 26, 2009 Order [Doc. No. 253] is **amended** to eliminate the requirement that defendant produce the following witnesses at the June 19, 2009 hearing:

    4.       Thomas Kolle (*re* Doc. No. 227, Ex. A-6 at 5);

    5.       John Gahn, Plaintiff's Case Manager during April 2003; and

    8.       Paul Nadeau, Central Classification Officer during April 2003.

---

[1] The defendant has also objected to the production of witness James Abbott, Warden of CTCF during the relevant period.  That objection remains pending before the District Court.  Defendant Corbin misinterprets the Court's reason for requiring former-Warden Abbott's attendance at the hearing.  This Court is attempting to locate documents which were requested in discovery by the indigent plaintiff and which catalogue the why, when, where and how of plaintiff's transfer from the facility.  The Warden would be expected to know the general procedures for transferring prisoners in and out of his facility during his tenure, how transfers were handled, who could institute a transfer, where the paperwork showing why a transfer was made would have been located, how a 'facility hold' would affect a requested or compelled inmate transfer and other such procedural matters relative to prisoner transfers.  This may help to identify where the documents specific to plaintiff's transfer are located and from where such documents could be subpoenaed.

All other portions of the May 26, 2009 Order remain in full force and effect.

Dated this 15th day of June, 2009.

                                      **BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge