IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 04-cv-02532-CMA-KMT

JOHN ROUNDS,

    Plaintiff,

v.

DENNIS CORBIN,

    Defendant.

---

**ORDER AFFIRMING MAY 6, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (Doc. # 241). The Magistrate Judge recommends that this Court grant in part and deny in part Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Both parties filed objections to the Recommendation. (Docs. # 275 & 282.) For the following reasons, the Recommendation is AFFIRMED AND ADOPTED.

## BACKGROUND

This is a prisoner civil rights lawsuit. Plaintiff is a prison inmate who was formerly incarcerated at the Colorado Territorial Correctional Facility ("CTCF"). Defendant is the head of the prison maintenance department at CTCF.

While incarcerated at CTCF, Plaintiff worked as a journeyman electrician. Plaintiff alleges that Defendant requested and authorized Plaintiff to perform electrical

work that violated state and national electric codes.  Plaintiff alleges that when he reported the violations, Defendant told him not to worry about it.  Still concerned about the code violations, Plaintiff mailed a letter to prison officials detailing his allegations.  Plaintiff also requested a job change to distance himself from the non-compliant electrical work, but Defendant had placed a "facility need hold" on Plaintiff, thereby preventing Plaintiff from transferring jobs.

Plaintiff then filed a series of administrative grievances against Defendant seeking to be released from the facility need hold.  Prison officials denied his grievances.  On the same day that prison officials denied Plaintiff's final grievance, Plaintiff's case manager, John Gahn, informed Plaintiff that the facility need hold had been lifted and he would be transferred from CTCF to the Arkansas Valley Correctional Facility.  Mr. Gahn allegedly told Plaintiff that he was being transferred because of the grievances Plaintiff had filed against Defendant.  Plaintiff alleges that he lost valuable privileges as a result of the retaliatory transfer.

Plaintiff filed First and Eighth Amendment claims against Defendant and two other defendants.  The Court dismissed Plaintiff's claims because he had not alleged total administrative exhaustion.  (Doc. # 134.)  The Tenth Circuit Court of Appeals reversed in part and reinstated Plaintiff's First Amendment claim against Defendant on the basis of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007).  After remand, Plaintiff filed an Amended Complaint containing one claim against Defendant.  Plaintiff alleges that Defendant violated his First Amendment rights by "orchestrating"

his transfer from CTCF to the Arkansas Valley Correctional Facility in retaliation for Plaintiff's grievances.[1] Plaintiff claims that Defendant is liable in both his official and individual capacities.

Plaintiff filed a Motion for Summary Judgment on October 15, 2008. (Doc. # 213.) The Magistrate Judge recommends that this Court deny Plaintiff's Motion because factual questions exists regarding material facts of Plaintiff's claim.

Defendant also filed a Motion for Summary Judgment on October 15, 2008. (Doc. # 215.) Defendant argues that Eleventh Amendment immunity precludes Plaintiff's claim against Defendant in his official capacity. The Magistrate Judge agrees and recommends that the Court dismiss Plaintiff's claim against Defendant in his official capacity. Regarding Plaintiff's claim against Defendant in his individual capacity, Defendant argues that (1) Plaintiff fails to state a constitutional violation; (2) Defendant did not personally participate in a constitutional violation; and (3) Defendant is entitled to qualified immunity. However, the Magistrate Judge disagrees with Defendant on these issues and the Magistrate Judge recommends that the Court deny Defendant's Motion as it relates to Plaintiff's claims against Defendant in an individual capacity.

## **ANALYSIS**

Plaintiff contends that Magistrate Judge erred in concluding that triable issues of material fact remain. Defendant contends that the Magistrate Judge incorrectly applied

---

[1] Plaintiff also claims that Defendant violated his Equal Protection rights. (Doc. # 160 at 5.) However, since Plaintiff's claim is more properly analyzed under First Amendment principles, the Court will treat as a First Amendment claim rather than an Equal Protection claim.

3

the doctrine of qualified immunity and the standard of review under Federal Rule 56. The Court will address Defendant's objections first and then address Plaintiff's objections.

**I.      DEFENDANT'S OBJECTIONS**

Defendant contends that the Magistrate Judge erred by not placing the burden of proof on Plaintiff to overcome Defendant's assertion of qualified immunity. Defendant also contends that the Magistrate Judge erred in allowing Plaintiff's claim to survive summary judgment on the basis of "mere allegations" in Plaintiff's Amended Complaint.

   A.      The Magistrate Judge Correctly Applied the Doctrine of Qualified Immunity.

           1.     *Applicable Law – Qualified Immunity*

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is more than a defense to liability, it is immunity from suit, so courts should rule on the issue as early as possible in the litigation to avoid mistakenly permitting a defendant to suffer the burdens of discovery and/or trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (qualified immunity is "immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial"); *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (noting that courts should resolve the "purely legal question raised by

4

a qualified immunity defense at the earliest possible stage in litigation") (internal quotations and citations omitted).

When a defendant raises qualified immunity, the burden of proof shifts to the plaintiff to make a twofold showing to overcome immunity. *See Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000) (citing *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000)). The plaintiff must show that: (1) when the facts are viewed in a light favorable to the plaintiff, the defendant's actions violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established at the time of the conduct at issue. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part on other grounds by Pearson*, 129 S. Ct. 808; *see also Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) (describing plaintiff's two-part burden to overcome qualified immunity); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("First, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? If so, we must subsequently ask whether the right was clearly established.") (internal citations, quotations, and alterations omitted); *Scull*, 236 F.3d at 595 (same). Only if the plaintiff can meet this two-part showing, will the "defendant bear the traditional [summary judgment] burden of showing 'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Scull*, 236 F.3d at 595 (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995)); *see also Olsen*, 312 F.3d at 1312 ("In the end, therefore, the defendant still bears the normal summary judgment burden of showing

that no material facts remain in dispute that would defeat the qualified immunity defense.").

        2.    *Plaintiff Has Met His Burden to Overcome Qualified Immunity*

Defendant does not dispute that Plaintiff has a clearly established constitutional right to be free from retaliation for filing administrative grievances against Defendant. Rather, Defendant contends that the Magistrate Judge did not place the appropriate burden on Plaintiff to show that he suffered a constitutional violation.

        a.    Plaintiff provided more than mere allegations

Defendant argues that, aside from Plaintiff's own allegations in the Amended Complaint, including the unverified, inadmissible hearsay statement from Mr. Gahn, Plaintiff has not come forward with any evidence that Defendant personally participated in the transfer of Plaintiff. However, the Court agrees with the Magistrate Judge that Plaintiff has provided enough evidence to survive summary judgment.

Plaintiff submitted more than unsupported allegations to overcome Defendant's assertion of qualified immunity. By way of example, Plaintiff attached exhibits to the Amended Complaint that, when viewed in a light favorable to Plaintiff, support his claim of a constitutional violation by Defendant.[2] Defendant seemingly ignores this documentary evidence in his objection to the Magistrate Judge's recommendation.

---

    [2] The exhibits attached to the Amended Complaint relate to his prison grievance filings and subsequent transfer to Arkansas Valley, and include relevant prison paperwork and discovery responses. (*See* Doc. # 160 at Exs.)

Moreover, Plaintiff signed his Amended Complaint under the penalty of perjury. (*See* Doc. # 160 at 16.)  As such, many of the allegations therein carry the same evidentiary weight as if they were contained in an affidavit like that filed by Defendant. *See, e.g., Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) ("Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).").  Defendant's objection ignores this Tenth Circuit precedent, which allows the Magistrate Judge to accord Plaintiff's Amended Complaint more weight on summary judgment than a non-verified complaint.

In concluding that Plaintiff met his qualified immunity burden to establish a constitutional violation, the Magistrate Judge could and did cite to the exhibits and the admissible allegations in the Amended Complaint.  Thus, the Court rejects Defendant's rather vitriolic objection[3] on this issue because Defendant has ignored Plaintiff's exhibits to the Amended Complaint and the well-settled law allowing a verified complaint to serve the same purpose as an affidavit when deciding a motion for summary judgment.

      b.    Inconsistencies in the record may defeat qualified immunity.

The Magistrate Judge also reasoned that inconsistencies in the documentary record (*e.g.*, questions regarding bed space at the prisons, Plaintiff's request for a job

---

[3] Although the Court appreciates zealous advocacy, the Court does not appreciate the mean-spirited tone of Defendant's objection and will point out that Defendant's repetition of the phrase, "dog in the manger," does not actually make that fable applicable in this case or help Defendant's position.

transfer, the unusual imposition and retraction of the facility need hold, etc.), supported Plaintiff's theory of the case and undercut Defendant's version of the facts.[4]  In objecting to this conclusion, Defendant makes the rather specious contention that because he did not personally fill out the paperwork cited by the Magistrate Judge in her recommendation, the Magistrate Judge erred in using it against him.  However, the Court finds no flaws with the Magistrate Judge's interpretation of the documentary record and agrees that inconsistencies in the record raise doubt concerning Defendant's role in Plaintiff's transfer.  Moreover, Defendant need not have drafted a document for the document to be relevant Plaintiff's claims or to reflect that Defendant may have participated in the decision to transfer Plaintiff.  Thus, Defendant's citation to the Seventh Circuit Jury Instruction is inapposite in this case.

Additionally, the Magistrate Judge did not, as Defendant contends, place the burden of proof on Defendant by citing to the inconsistent paperwork as evidence that Defendant personally participated in the decision to transfer Plaintiff.  Nor did the Magistrate Judge, by viewing the inconsistencies in the record in a light favorable to Plaintiff, conclude that Defendant had, in fact, personally participated in the decision to transfer Plaintiff.  Instead, the Magistrate Judge reviewed the record with an eye towards whether factual questions existed for trial.  That is what Supreme Court and

---

[4]  Perhaps the most critical inconsistency in the record relates to Defendant's undisputed role in placing a one-year facility need hold on Plaintiff and then removing it only twenty-four days later, after Plaintiff had filed his grievances against Defendant.  The Magistrate Judge concluded that Defendant's unexplained removal of the one-year facility need hold and the immediate transfer raised an inference that Defendant had personally participated in the decision to transfer Plaintiff in retaliation for Plaintiff's protected grievance activity.

Tenth Circuit precedent requires a district court to do when deciding a motion for summary judgment based on qualified immunity.  *See Saucier*, 533 U.S. at 201; *Olsen*, 312 F.3d 1312.

Defendant also takes issue with the Magistrate Judge's characterization of Defendant's own evidence on summary judgment.  In essence, Defendant argues that his affidavit should enjoy a air of veracity over and above the allegations in Plaintiff's verified complaint because Defendant is presumably immune from suit under the doctrine of qualified immunity.  However, Defendant confuses the burden of proof under qualified immunity with the proper interpretation of the evidence on summary judgment.  Defendant correctly argues that the burden of proof falls on Plaintiff to overcome qualified immunity.  But, *Olsen* and other cases make clear that this Court should interpret the undisputed evidence on a motion for summary judgment in a light favorable to Plaintiff, even within the defendant-friendly realm of qualified immunity.  *See, e.g., Olsen*, 312 F.3d at 1312.

In short, the Magistrate Judge did not, as Defendant contends, place the qualified immunity burden on Defendant or ignore the presumption in favor of immunity.  Instead, the Magistrate Judge's Recommendation reveals that she relied on evidence produced by Plaintiff in finding that factual issues existed regarding whether Defendant violated Plaintiff's clearly established constitutional rights.  Plaintiff need not establish beyond a reasonable doubt that Defendant violated his constitutional and/or statutory right; rather,

he need only "make out a violation of a constitutional right." *See Pearson*, 129 S. Ct. at 816.  The Court agrees with the Magistrate Judge that Plaintiff has done so in this case.

      B.    <u>The Magistrate Judge Applied the Correct Summary Judgment Standard of Review</u>.

Defendant argues that the Magistrate Judge allowed Plaintiff's claim to survive summary judgment based on Plaintiff's "mere allegations," rather than specific factual evidence in the record.  Defendant focuses his objection on the Magistrate Judge's citation of *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir 1990).  Defendant complains that *Frazier* does not apply in this case and, even if it did apply, the Magistrate Judge did not follow it in her Recommendation.

However, the Court disagrees with Defendant that the Magistrate Judge's citation to *Frazier* requires rejection of the Recommendation.  Defendant correctly notes that *Frazier* does not involve a motion for summary judgment; instead, it addresses a district court's decision to dismiss a plaintiff's complaint as frivolous.  *See id.*  Thus, the standard of review applied in *Frazier* has no applicability in this case.  Regardless of this distinction, the Magistrate Judge did not cite *Frazier* for conclusive authority on the standard of review to be applied in this case.  She cited *Frazier* to explain the causation element in retaliation cases.  Thus, citation to *Frazier* was harmless under the circumstances of this case.

The Court also disagrees with Defendant that the Magistrate Judge relied on "mere allegations" to deny summary judgment.  Once again, Defendant ignores Tenth Circuit precedent holding that a verified complaint, like the Amended Complaint filed by

Plaintiff in this case, may serve the same purpose as an affidavit when a party uses the verified complaint to respond to a motion for summary judgment. *See Conaway*, 853 F.2d at 792; *but see Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1019 (10th Cir. 2002) (noting that a court need not treat a verified complaint as an affidavit if the allegations in the pleading are merely conclusory). A review of the Magistrate Judge's recommendation reflects that she cited numerous allegations from Plaintiff's Amended Complaint – some of the allegations complied with Federal Rule 56(e) and some did not comply.[5] However, when the Magistrate Judge cited an allegation from Plaintiff's Amended Complaint as evidence of the factual matter asserted, and not merely for introduction or foundation, the allegations she cited were not merely conclusory or otherwise violative of Federal Rule 56(e). For example, Defendant complains about the list of allegations beginning on page twelve of the Magistrate Judge's recommendation and continuing on to page thirteen. Yet, each of these allegations describe specific, admissible facts within Plaintiff's personal knowledge. Thus, the allegations comply with Federal Rule 56(e) and, as *Conaway* and *Lantec* make clear, the Magistrate Judge did not err in citing to allegations in the Amended Complaint to deny summary judgment when those allegations complied with Federal Rule 56(e).

Moreover, many of the allegations cited by the Magistrate Judge are supported by documentary evidence, *e.g.*, the allegations regarding the facility need hold placed

---

[5] For example, the Court agrees with Defendant that Mr. Gahn's statement has limited probative value on summary judgment because it is hearsay evidence. *See* Fed. R. Evid. 801 and 802.

11

on Plaintiff by Defendant, the Executive Assignment Order authorizing Plaintiff's transfer, and the timing of Plaintiff's grievances and the transfer. These supporting documents reflect that allegations in the Amended Complaint should be entitled to greater weight on summary judgment than unsupported or conclusory allegations and they reflect that the Magistrate Judge did not deny summary judgment solely on the basis of mere allegations.

## II.     PLAINTIFF'S OBJECTION

Plaintiff contends that he has presented enough evidence to abolish any factual disputes and, therefore, entitle him to judgment as a matter of law on his First Amendment claim. However, Defendant has presented evidence that calls into question many of the allegations in Plaintiff's operative complaint. By way of example, Defendant has raised factual questions concerning Defendant's personal participation, if any, in Plaintiff's transfer to Arkansas Valley. These factual disputes are material to Plaintiff's claims and the Court cannot decide them at the summary judgment stage. As such, the Court concludes that the Magistrate Judge correctly recommended that Plaintiff's Motion for Summary Judgment be denied.

## **CONCLUSION**

Defendant's objection raises an interesting issue regarding which party bears the burden of proof when dealing with the issue of qualified immunity. However, upon a *de novo* review of the record and the parties' arguments, the Court concludes that the Magistrate Judge correctly applied both the law of qualified immunity and Federal Rule

56.  With one non-material exception, the Magistrate Judge's citation to *Frazier*, the Court concludes that the Magistrate Judge's reasoning and conclusion are correct.

Accordingly, the Recommendation of United States Magistrate Judge (Doc. # 241) is AFFIRMED AND ADOPTED; it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. # 215) is GRANTED IN PART AND DENIED IN PART; it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. # 213) is DENIED; and it is

FURTHER ORDERED that Plaintiff's claim against Defendant in his official capacity is DISMISSED.

DATED:  September   11  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge