IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 04-cv-02532-CMA-KMT

JOHN ROUNDS,

    Plaintiff,

v.

DENNIS CORBIN, in his individual capacity, and
ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado Department of Corrections,

    Defendant.

---

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING MOTION TO AMEND CAPTION**

---

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendant Aristedes Zavaras (Doc. # 346) and a Motion to Amend Caption filed by Plaintiff John Rounds (Doc. # 352). For the reasons discussed below, Defendant's Motion for Judgment on the Pleadings is denied and Plaintiff's Motion to Amend Caption is granted.

## I.  BACKGROUND

This long-pending action arises from Defendant's allegedly wrongful transfer of Plaintiff from CTCF to Arkansas Valley Correctional Facility ("AVCF"), on April 24, 2003, in retaliation for Plaintiff's filing of a series of administrative grievances in connection with Defendant's purported requests for and authorization of electrical work in violation

of state and national electrical codes. Plaintiff is a prison inmate who was formerly incarcerated at the Colorado Territorial Correctional Facility ("CTCF").[1] Defendant Corbin was the Physical Plant Manager GP-V of CTCF during Plaintiff's incarceration at CTCF. While incarcerated at CTCF, Plaintiff worked as a journeyman electrician. Plaintiff alleges that Defendant requested and authorized Plaintiff to perform electrical work that violated state and national electric codes; when Plaintiff reported the violations, Defendant told him not to worry about it. Still concerned about the code violations, Plaintiff mailed a letter to prison officials detailing his allegations. Plaintiff also requested a job change to distance himself from the non-compliant electrical work. Some time later, CTCF informed Plaintiff that he would be transferred to Arkansas Valley Correctional Facility; Plaintiff allegedly learned that this transfer was due to his filing grievances against Defendant. Plaintiff alleges that he lost valuable privileges as a result of the retaliatory transfer.

Plaintiff, who was initially *pro se*, first filed a complaint on December 8, 2004 (Doc. # 3), and amended his complaint on September 6, 2007 (Doc. # 160). On December 29, 2009, Plaintiff filed a Motion for Appointment of Counsel (Doc. # 304), which Magistrate Judge Kathleen M. Tafoya denied on December 29, 2009. (Doc. # 306).[2] However, on January 22, 2010, this Court set aside in part Magistrate Judge

---

[1] Plaintiff is presently an inmate at the Fort Lyon Correctional Facility. (Doc. # 335 at 2).

[2] On January 9, 2008, this case was assigned to Magistrate Judge Tafoya for the handling of all non-dispositive and pre-trial matters, pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72 (Doc. # 170).

Tafoya's Order Denying Appointment of Counsel and directed the Clerk of Court to make a good faith effort to find volunteer counsel to represent Plaintiff in this matter. (Doc. # 309). By mid-June 2010, volunteer counsel filed notices of appearance. (Doc. ## 18-320). On September 15, 2010, with leave of Court, Plaintiff, through his newly-obtained counsel filed a Second Amended Complaint to add Aristedes W. Zavaras, in his official capacity as Executive Director of the Colorado Department of Corrections, as a party to this action. (Doc. # 335.)

Plaintiff seeks prospective relief against Defendant Zavaras in his official capacity as Executive Director for violation of his rights under the First Amendment (Claim 1) and retrospective relief against Defendant Corbin in his individual capacity for damages incurred as a result of Defendant Corbin's actions in connection with the violation of those rights. (*Id.* at 6-7). Plaintiff alleges that, as a result of Defendants' actions, he has suffered a disruption in his efforts to progress toward obtaining a master electrician license; losses of earned time, a premium job assignment, housing privileges, and hobby shop privileges and supplies; and associated economic losses and damages. (*Id.* at 6).

On December 8, 2010, Defendant Zavaras filed a Motion for Judgment on the Pleadings. (Doc. # 346.) Plaintiff responded on December 29, 2010 (Doc. # 348), and Defendant replied on January 5, 2011 (Doc. # 349.)

On February 28, 2011, Plaintiff filed a Motion to Amend Caption (Doc. # 352), seeking the Court's permission to replace Defendant Aristedes W. Zavaras with Tom

Clements, who succeeded Mr. Zavaras as CDOC's Executive Director. Defendant responded on March 3, 2011 (Doc. # 353), and Plaintiff replied on March 11, 2011 (Doc. #3 55).

## II. DEFENDANT ZAVARAS'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), including for reasons such as sovereign immunity, the attack

can be either a facial attack to the allegations of the complaint or a factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Where there is a facial attack on the sufficiency of the complaint, the Court must accept as true the complaint's factual allegations.  *Id.*

In support of his Motion, Defendant Zavaras asserts that dismissal of Plaintiff's First Amendment claim against him in his official capacity is warranted under Rules 12(b)(1) and 12(b)(6) because: (1) this Court lacks jurisdiction over him in his official capacity, and (2) Plaintiff fails to state a claim upon which relief can be granted.

**B.    WHETHER THE COURT HAS JURISDICTION OVER DEFENDANT ZAVARAS**

Defendant Zavaras contends that the Court lacks jurisdiction over his claims pursuant to the Eleventh Amendment because Plaintiff has sued him in his official capacity and, therefore, Plaintiff's suit is really a suit against the state.  (Doc. # 346 at 3) (citing *Ford v. Motor v. Dep't of Treasury State of Ind.*, 323 U.S. 459 (1945)). Defendant Zavaras further states that, to the extent Plaintiff is seeking prospective relief, the requested relief is not in fact prospective because Plaintiff has not established that a reasonable likelihood exists that he will again be subjected to unconstitutional action.  (*Id.* at 4).

In response, Plaintiff steadfastly asserts that the relief he seeks is truly prospective because the "variety of losses" he suffered as a result of Defendant Corbin's purportedly retaliatory acts "continu[e] unabated to this day."  (Doc. # 348 at 5) (citing Second Amended Complaint, Doc. # 335, ¶ 29).  In short, the parties

disagree as to whether the relief Plaintiff seeks is truly prospective in nature. Although this is a close question, the Court finds that Plaintiff's requested relief is prospective in nature.

Claims against state officials in their official capacities are essentially claims against the state entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and quotations omitted). The State of Colorado and its agencies are immune from suit in federal court unless the state has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1988). For the state and its agencies, Eleventh Amendment immunity extends to suits for injunctive relief. *See id.* at 1196. However, a claim against a state official may be sustained where a plaintiff seeks solely declaratory and/or injunctive relief <u>and</u> has alleged an ongoing violation of federal law by state officials acting in their official capacities. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) (discussing the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908)); *Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).

In the instant case, in support of his First Amendment claim for prospective relief against Defendant Zavaras as Executive Director in his official capacity, Plaintiff asserts that, as a result of Defendants' various retaliatory transfers of Plaintiff to a number of

corrections facilities, Plaintiff was unable to pursue a master electrician license; lost earned time, a premium job assignment, housing privileges, and hobby shop privileges and supplies; and suffered related economic losses and damages. In his brief in opposition to Defendant's Motion for Judgment on the Pleadings, Plaintiff clarifies that he seeks restoration of these programs and privileges "on a purely prospective going-forward basis." (Doc. # 348 at 3.)

As Plaintiff duly acknowledges, to determine whether Plaintiff may proceed with his claim under the *Ex Parte Young* doctrine, the Court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (emphasis added); *see also Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1232 (10th Cir. 2010). However, a plaintiff's allegations that he "has been damaged" do not amount to an ongoing violation of federal law. *Compare Hull v. Colo. Bd. of Governors of the Colo. State Univ. Sys.*, No. 08-cv-00198, 2011 WL 1134991, at *13 (D. Colo. Mar. 28, 2011) (unpublished) (dismissing the plaintiff's due process claim for failure to allege an ongoing violation because "the complaint limits itself to past conduct and alleges that, as a result of such past conduct, plaintiff 'has been damaged'") *and Castorena v. Werholtz*, No. 06-3299, 2007 WL 2225936, at *4 (D. Kan. Aug. 2, 2007) (unpublished) (finding that the plaintiff's request for injunctive relief failed to trigger the *Ex Parte Young* exception because the plaintiff's claims arose from a single physical assault by

a defendant) *with Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1180, 1190 (D. Colo. 1999) (finding that the plaintiffs' allegations concerning the defendants' failure to provide appropriate medical and psychiatric care adequately alleged a continuing violation and, therefore, federal jurisdiction over the defendants in their official capacities exists) *and Tonkovich v. Kan. Bd. of Regents*, No. 95-2199, 1996 WL 705777, at *8-9 (D. Kan. Nov. 22, 1996) (unpublished) (finding that the *Ex Parte Young* doctrine applied to the plaintiff's claims for prospective injunctive relief in connection with the defendant's alleged wrongful termination of the plaintiff from his tenured faculty position at a state university), *reversed in part on other grounds by* 159 F.3d 504, 527-32 (10th Cir. 1998).

Upon review of Plaintiff's allegations, and construing the alleged facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged facts concerning an ongoing violation of federal law. Much like the plaintiff in *Tonkovich*, Mr. Rounds alleges that he suffered damages as a result of Defendants' retaliatory conduct and, as a result of the retaliation, Plaintiff's career has been stymied. Although Plaintiff has not alleged that Defendants continue to engage in retaliatory transfers, Defendants have not reinstated the property, privileges, and educational and economic opportunities that Plaintiff possessed prior to Defendants' alleged wrongful conduct; the retaliatory status quo has remained unchanged for the last eight years and therein lies the alleged ongoing retaliatory conduct. Accordingly, the Court finds that the Eleventh Amendment does not bar Plaintiff's claim against Defendant Zavaras, in his official capacity;

therefore, denial of Defendant Zavaras's Motion for Judgment on the Pleadings (Doc. # 346) is warranted.

### III. PLAINTIFF'S MOTION TO AMEND CAPTION

As noted above, Plaintiff filed the instant Motion to Amend Caption, seeking the Court's leave to substitute Tom Clements, who is the new Executive Director of the Colorado Department of Corrections, for Aristedes Zavaras.

Pursuant to Fed. R. Civ. P. 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party."  In the instant case, the Executive Director of the Department of Corrections, *i.e.*, Mr. Clements, appears to be the only person who can provide Plaintiff the requested relief, *i.e.*, reinstatement of property, privileges, and educational and economic opportunities.  Therefore, the Court finds that substitution of Tom Clements for Mr. Zavaras is warranted and Plaintiff's Motion to Amend Caption (Doc. # 352) should be granted.

### IV. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1) Defendant Zavaras's Motion for Judgment on the Pleadings (Doc. # 346) is DENIED;

(2) Plaintiff's Motion to Amend Caption (Doc. # 352) is GRANTED; and

(3)  In all subsequent pleadings, the parties are directed to use an amended caption that identifies Tom Clements as the current Executive Director of the Colorado Department of Corrections.

DATED:  April  25 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge